Filed 8/3/21  P. v. Fegan CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| THE PEOPLE, | F081054 |
| Plaintiff and Respondent, | (Super. Ct. No. SUF18939) |
| v. | |
| STEPHEN RUSSELL FEGAN, | **OPINION** |
| Defendant and Appellant. | |

**THE COURT**[*]

APPEAL from an order of the Superior Court of Merced County.  Jeanne Schechter, Judge.

Stephen M. Lathrop, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Catherine Tennant Nieto, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

[*]Before Poochigian, Acting P.J., Peña, J. and Meehan, J.

**INTRODUCTION**

In 1995, a jury convicted defendant Stephen Russell Fegan of two counts of first degree murder and found true allegations he personally used a knife with respect to those counts. The jury also found true felony-murder special-circumstance allegations pursuant to Penal Code section 190.2 alleging the murders were committed during the commission or attempted commission of burglary and arson. (Undesignated statutory references are to the Penal Code.) Defendant filed two petitions for writ of habeas corpus in January 2019 and raised, in part, a request for resentencing pursuant to section 1170.95. In March 2019, the trial court denied the petitions, including defendant's request to recall his sentence under section 1170.95. The court concluded defendant was not convicted under a felony-murder theory; rather, he was convicted of two premeditated and deliberate murders with multiple special circumstances under section 190.2, subdivision (d); "[h]e was the actual killer." The order denying the petition did not say it was made with prejudice to refiling. In February and March 2020, defendant again filed petitions asking the court to vacate his murder convictions pursuant to section 1170.95. The court summarily denied the petitions, concluding these were "successive petitions on the same issue."

We conclude the record establishes petitioner is ineligible for resentencing as a matter of law. Accordingly, we affirm the trial court's order denying the petitions.

**FACTUAL AND PROCEDURAL HISTORY**

In 1995, a jury convicted defendant of the first degree murders of Teresa Leonard and James Hartery (§ 187; counts 1 and 2), first degree burglary (§ 459; count 3), arson of an inhabited structure or property (§ 451, subd. (b); count 4), and child taking (former § 277; count 5), and found true enhancement allegations that defendant personally used a knife during the commission of the murders. The jury also found true special circumstance allegations that defendant committed the murders during the commission or attempted commission of arson (former § 190.2, subd. (a)(17)(viii) and burglary (former

2.

§ 190.2, subd. (a)(17)(vii)). The court sentenced defendant to life imprisonment without the possibility of parole plus an additional year on each murder count, and additional determinate terms for counts 3, 4, and 5. Our court affirmed defendant's conviction in an unpublished opinion. (*People v. Fegan* (Dec. 31, 1997, F025279).)

On January 9 and 31, 2019, defendant filed petitions for writ of habeas corpus. In part, defendant asked the court to recall his sentence pursuant to section 1170.95. He also alleged he received ineffective assistance of counsel at trial and during his appeal. He further asserted the trial court erred in failing to instruct the jury on self-defense, imperfect self-defense, and mental capacity defenses. He argued he was entitled to relief as a youth offender under Assembly Bill No. 1308 (2017–2018 Reg. Sess.) and was entitled to resentencing as provided for military personnel with mental health conditions under Assembly Bill No. 865 (2017–2018 Reg. Sess.) (section 1170.91).

The People responded the court should summarily deny defendant's request for resentencing based on the passage of Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437) because he did not qualify for relief under section 1170.95. They attached and referred to our appellate opinion from defendant's direct appeal, which included a statement of facts that was "essentially undisputed," the denial of defendant's petition for review, and the remittitur for details of the case. The People explained these documents established defendant drove to the house of his estranged wife, Teresa Leonard, and her boyfriend, James Hartery. Defendant threw two Molotov cocktails through the living room window before entering through the broken window. Defendant then attacked James from behind, hitting him on the head with an axe and then stabbing him multiple times with a knife. Teresa entered the room and defendant chased her and stabbed her multiple times before leaving the home with their son. Both James and Teresa died from their wounds. The People explained the record thus established defendant was the actual killer and, therefore, was not entitled to relief.

3.

The court denied the petitions for writs of habeas corpus on February 28, 2019, finding defendant had not set forth the requisite facts for the granting of the petition. With regard to defendant's claim for relief under section 1170.95, the court reasoned that defendant was not convicted under a felony-murder theory. Rather, "[h]e was convicted of two premeditated and deliberate murders, with multiple special circumstances under section 190.2(d). He was the actual killer."

Approximately a year later, in February 26, 2020, defendant filed a petition for resentencing pursuant to section 1170.95 using a preprinted form. He checked boxes stating that a charging document had been filed against him allowing the prosecution to proceed under a felony-murder theory or the natural and probable consequences doctrine; at trial, he was convicted of first or second degree murder under a felony-murder theory or the natural and probable consequences doctrine; and he could not now be convicted of murder in light of changes made to sections 188 and 189, effective January 1, 2019 (pursuant to Senate Bill 1437). He also checked a box stating, "I request that this court appoint counsel for me during this re-sentencing process."

On March 2, 2020, defendant filed another petition for resentencing pursuant to section 1170.95 using a preprinted form. He again checked boxes stating a charging document had been filed against him allowing the prosecution to proceed under a felony-murder theory or the natural and probable consequences doctrine; at trial, he was convicted of first or second degree murder under a felony-murder theory or the natural and probable consequences doctrine; and he could not now be convicted of murder in light of changes made to sections 188 and 189, effective January 1, 2019 (pursuant to Senate Bill 1437). He also checked a box stating, "I request that this court appoint counsel for me during this re-sentencing process." On March 5, 2020,[1] defendant again

---

[1]Defendant's brief and the superior court's order refer to this petition as being filed on March 3, 2020; however, the file-stamp reflects a filing date of March 5, 2020.

4.

filed another petition for resentencing pursuant to section 1170.95 using a preprinted form and checking the same boxes.

The court denied the petitions, stating:

> "Stephen Russell Fegan ('petitioner') is currently confined at California State Prison–Solano in Vacaville, California. On December 13, 1995, a Merced County jury found petitioner guilty of two murders, first-degree burglary, arson, and child-taking. The jury also found multiple enhancements and special circumstances to be true. On January 16, 1996, petitioner was sentenced by the Honorable Dennis A. Cornell ('trial court') to serve 11 years and 4 months plus life without the possibility of parole.

> "On February 24,[2] February 26, March 2, and March 3, 2020, petitioner filed petitions for resentencing under … section 1170.95. On March 1, 2019, the court considered the same petition and denied it. These petitions are denied as successive petitions on the same issue.

> "On March 2 and March 3, 2020, petitioner filed petitions for resentencing pursuant to … section 1170.18. He is asking for his convictions to be converted into misdemeanors. His convictions do not qualify for relief under this code section. As such, the petitions are denied."

## DISCUSSION

Defendant appeals the March 2020 order denying his petitions for resentencing pursuant to section 1170.95. We affirm the trial court's order.

## I.    Senate Bill 1437 and Section 1170.95

On September 30, 2018, the Governor signed Senate Bill 1437, which became effective on January 1, 2019. Senate Bill 1437 "amend[s] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent

---

[2]The clerk of the superior court filed an affidavit with our court stating the February 24, 2020, petition is not part of the court's record. Defendant asserts he "is satisfied that only three petitions were submitted for filing (i.e., the petitions filed February 26, 2020, March 2, 2020, and March 3, 2020), which [were] contained in the record on appeal, and thus are the ones subject to the court's order of March 16, 2020."

to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) It amends section 188, which defines malice, and section 189, which defines the degrees of murder to address felony-murder liability, and it adds section 1170.95, which provides a procedure by which those convicted of murder can seek retroactive relief if the changes in the law would affect their previously sustained convictions. (Stats. 2018, ch. 1015, §§ 2–4.)

Accordingly, section 188 now provides that, "[e]xcept as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. *Malice shall not be imputed to a person based solely on his or her participation in a crime*." (§ 188, subd. (a)(3), italics added.) The change reflects the Legislature's intent that "[a] person's culpability for murder must be premised upon that person's own actions and subjective mens rea." (Stats. 2018, ch. 1015, § 1, subd. (g).)

Additionally, section 189 previously stated, "All murder … which is committed in the perpetration of, or attempt to perpetrate, arson, rape, carjacking, robbery, burglary, mayhem, kidnapping, train wrecking, or any act punishable under Section 206, 286, 288, 288a, or 289, or any murder which is perpetrated by means of discharging a firearm from a motor vehicle, intentionally at another person outside of the vehicle with the intent to inflict death, is murder of the first degree." Senate Bill 1437 amended section 189, in part, by adding subdivision (e) which provides:

> "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."

Newly enacted section 1170.95 permits those "convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts …." (*Id.*, subd. (a).) An offender may file a petition under section 1170.95 where all three of the following conditions are met:

> "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine[;] [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder[;] [¶] [and] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a)(1)–(3).)

A trial court receiving a petition under section 1170.95 "shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section." (§ 1170.95, subd. (c).) If the petitioner has made such a showing, the trial court "shall issue an order to show cause." (*Ibid*.)

## II. Analysis

Defendant contends his 2020 petitions for resentencing were facially sufficient and the court erred by failing to appoint him counsel. He also argues the court erred by summarily denying the petitions without issuing an order to show cause because he was prosecuted under theories of felony murder and premeditated murder and the verdicts did not specify the theory of conviction. He argues the special circumstance findings did not render him ineligible for resentencing as a matter of law. Additionally, he asserts he was not precluded from filing multiple petitions under section 1170.95, so the court erred in denying his petitions as "successive petitions." He also contends he is entitled to the reversal of the court's order because the court assigned his petitions to a judge other than the original sentencing judge, though there was no showing the original sentencing judge

7.

was unavailable. We disagree with defendant's contentions. Here, the record established defendant was the actual killer, and the jury's true findings on the felony-murder special-circumstance enhancements rendered defendant ineligible for relief as a matter of law. Thus, the court did not err in denying defendant's petitions, and any alleged procedural errors were harmless.

In its recent opinion, *People v. Lewis* (July 26, 2021, S260298) __ Cal.5th __ (*Lewis*) [2021 Cal. Lexis 5258], the California Supreme Court resolved a dispute among the Courts of Appeal regarding when a trial court must appoint a petitioner counsel under section 1170.95. The *Lewis* court held the statutory language and legislative intent of section 1170.95 make clear that petitioners are entitled to the appointment of counsel upon the filing of a facially sufficient petition, and that only *after* the appointment of counsel and the opportunity for briefing may the superior court consider the record of conviction to determine whether the petitioner makes a prima facie showing that he or she is entitled to relief. (*Lewis*, *supra*, at pp. ___ [2021 Cal. Lexis 5258 at pp. *2, *10–*13, *24–*28].)

The California Supreme Court nevertheless concluded the deprivation of a petitioner's right to counsel under subdivision (c) of section 1170.95 is state law error only, tested for prejudice under *People v. Watson* (1956) 46 Cal.2d 818. (*Lewis*, *supra*, __ Cal.5th at pp. ___ [2021 Cal Lexis 5258 at pp. *3, *34–*36].) More specifically, a petitioner "'whose petition is denied before an order to show cause issues has the burden of showing "it is reasonably probable that if [he or she] had been afforded assistance of counsel his [or her] petition would not have been summarily denied without an evidentiary hearing."' [Citation.]" (*Id.* at p. ___ [2021 Cal. Lexis 5258 at p. *36].)

And here, any error by the trial court in failing to appoint defendant counsel after he filed his petition was harmless.. The record of conviction establishes defendant was categorically ineligible for relief based upon the jury's felony-murder special-

circumstance findings.[3]  That is, section 189, as amended by Senate Bill 1437, now permits a felony-murder conviction only when specified facts relating to the defendant's individual culpability have been proved.  Among such circumstances, a felony-murder conviction is permissible if the defendant was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of section 190.2.  (§ 189, subd. (e).)  Here, the jury found true felony-murder special-circumstance allegations pursuant to section 190.2, former subdivision (a)(17)(iii), which imposed sentences of death or life without the possibility of parole for a murder committed during the commission, or attempted commission, of an arson or burglary.  (See § 190.2, subd. (a)(17)(A).)  To make such findings, the jury was required to find that the petitioner acted "with reckless indifference to human life and as a major participant" in aiding or abetting the commission of the underlying felonies.  (§ 190.2, subd. (d); see *People v. Gutierrez-Salazar* (2019) 38 Cal.App.5th 411, 419.)  In other words, "[t]he language of the special circumstance tracks the language of Senate Bill 1437 and the new felony-murder statutes." (*Gutierrez-Salazar*, at p. 419.)  Thus, by finding the special circumstance allegations true, the jury made the requisite findings necessary to sustain felony-murder convictions under the amended law.  Defendant is therefore ineligible for resentencing under section 1170.95 as a matter of law.

Defendant argues the special circumstance findings did not render him ineligible for relief in light of *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), both decided after defendant's convictions.  We note that "*Banks* and *Clark* 'clarified "what it means for an aiding and abetting defendant to be a

---

[3]Our court has held the trial court may consider readily ascertainable facts from the record (such as the crime of conviction) in determining whether a petitioner made a prima facie showing of entitlement to relief.  (*People v. Aleo* (2021) 64 Cal.App.5th 865, 871–873, citing *People v. Drayton* (2020) 47 Cal.App.5th 965, 980.)  Furthermore, our court has also expressly held "it is appropriate to consider the record of conviction in determining whether the petitioner was prejudiced by the trial court's failure to … issue an order to show cause." (*People v. Simmons* (2021) 65 Cal.App.5th 739, 746.)

'major participant' in a crime who acted with a 'reckless indifference to human life.'"" [Citation.] *Banks* identified certain factors to consider in determining whether a defendant was a major participant; *Clark* identified factors to guide the determination of whether the defendant acted with reckless indifference to human life." (*People v. Gomez* (2020) 52 Cal.App.5th 1, 13, fn. 5, review granted Oct. 14, 2020, S264033.) Courts of appeal are currently split on the question of whether a special circumstance finding entered prior to *Banks* and *Clark* renders a petitioner ineligible for section 1170.95 resentencing relief as a matter of law (see *People v. Jones* (2020) 56 Cal.App.5th 474, 478–479 [collecting cases], review granted Jan. 27, 2021, S265854), and our Supreme Court has granted review to decide the issue (*People v. Strong* (Dec. 18, 2020, C091162), review granted Mar. 10, 2021, S266606 [2020 Cal.App.Unpub. Lexis 8505; 2020 WL 7417057].)

However, our court has previously held we find more persuasive those cases holding that a special circumstance finding precludes relief as a matter of law. (*People v. Simmons*, *supra*, 65 Cal.App.5th at p. 749; accord, *People v. Jones*, *supra*, 56 Cal.App.5th at pp. 482, 484, review granted; *People v. Nunez* (2020) 57 Cal.App.5th 78, 92, review granted Jan. 13, 2021, S265918; *People v. Allison* (2020) 55 Cal.App.5th 449, 458.) And defendant does not persuade us to depart from our previous reasoning.

*Banks* and *Clark* did not state a new rule of law. (*People v. Simmons*, *supra*, 65 Cal.App.5th at p. 749.) Rather, they relied upon the United States Supreme Court's decisions in *Enmund v. Florida* (1982) 458 U.S. 782 (*Edmund*) and *Tison v. Arizona* (1987) 481 U.S. 137 (*Tison*) to clarify principles that had long been in existence at the time the petitioners were convicted. (See *In re Miller* (2017) 14 Cal.App.5th 960, 978; accord, *People v. Allison*, *supra*, 55 Cal.App.5th at p. 458; *People v. Gomez*, *supra*, 52 Cal.App.5th at p. 13, fn. 5, review granted.) *Enmund* prohibited felony-murder liability for a defendant who "did not commit the homicide, was not present when the killing took place, and did not participate in a plot or scheme to murder," and explained that, to be

10.

liable for felony murder, the aider and abettor must himself "kill, attempt to kill, or intend that a killing take place or that lethal force will be employed." (*Enmund*, at pp. 796, 797.) *Tison* held that "major participation in the felony committed, combined with reckless indifference to human life, is sufficient to satisfy the *Enmund* culpability requirement." (*Tison*, at p. 158.) As *Banks* noted, this language from *Tison* was later codified by the California electorate in section 190.2, subdivision (d). (*Banks*, *supra*, 61 Cal.4th at p. 800.) To the extent *Banks* and *Clark* illuminated factors a fact finder might consider in determining whether a defendant was a major contributor who acted with reckless indifference to human life, they drew those factors from *Edmund* and *Tison*. (See *Banks*, *supra*, at pp. 801, 803; *Clark*, *supra*, 63 Cal.4th at pp. 615, 618–623.) These principles existed when defendant was convicted and, absent a determination on direct appeal or in a habeas corpus proceeding that the evidence was insufficient to support the jury's finding, there is no basis to conclude defendant's jury applied different standards than those described in *Banks* and *Clark*. Accordingly, we conclude defendant is categorically ineligible for relief as a matter of law based on the jury's special circumstance finding. Thus, the trial court did not err in denying defendant's petition without issuing an order to show cause and holding an evidentiary hearing.

Furthermore, the record reflects, and defendant does not contest, that he was the actual killer. Thus, he was also ineligible for relief as a matter of law under section 1170.95 on that basis. Accordingly, the court did not err in denying his petition, and any alleged procedural error in failing to appoint defendant counsel during the petition process was harmless. (See *Chapman v. California*, *supra*, 386 U.S. at p. 24; *People v. Watson*, *supra*, 46 Cal.2d at p. 836.)

For the same reasons, we reject defendant's contention reversal is required because a judge other than the original sentencing judge ruled upon his petitions. In so holding, we note section 1170.95, subdivision (b)(1) directs that a petition for resentencing "shall be filed with the court that sentenced the petitioner …. If the judge

11.

that originally sentenced the petitioner is not available to resentence the petitioner, the presiding judge shall designate another judge to rule on the petition." And the Second District Court of Appeal, Division Five, has held that this provision requires "the individual public official" who sentenced the petitioner to rule on the petition unless the record shows the presiding judge of the superior court determined that person was "not available" to do so. (*People v. Santos* (2020) 53 Cal.App.5th 467, 474.)

But because, as discussed above, the record conclusively establishes defendant was ineligible for relief under section 1170.95 as a matter of law as he was convicted under still-valid theories of murder, any alleged error in assigning the petition to a judge other than the sentencing judge without a showing that the sentencing judge was unavailable was harmless. (See *People v. Daniel*, *supra*, 57 Cal.App.5th at p. 679, review granted.)[4]

Accordingly, we reject defendant's contentions. The court did not err in denying defendant's petitions for resentencing or otherwise commit reversible error.

## DISPOSITION

The court's order denying defendant's petitions for resentencing is affirmed.

---

[4]Notably, the People contend the original sentencing judge in this matter, Honorable Dennis A. Cornell, was appointed to this court in 2000, rendering defendant's complaint moot that there was no showing the original sentencing judge was unavailable. They ask us to take judicial notice pursuant to Evidence Code section 452 of the fact Justice Cornell was appointed to our court in 2000. We need not address these contentions, however, based on our conclusion any alleged procedural error in this regard was harmless.

12.